IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CT-3160-D

| | | |
|---|---|---|
| QADER SAYFUDIN ABDUL KARIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CABARRUS COUNTY SHERIFF DEPT., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On October 6, 2009, Qader Sayfudin Abdul Karim ("Karim" or "plaintiff"), proceeding pro se, filed this action against the "Cabarrus County Sheriff Dept." and "N.C. Dept. of Corrections ((Alvin Keller) + Supt. Haynes of Warren Correctional Inst.) et. al" [D.E. 3]. On November 2, 2010, the court reviewed the complaint and directed Karim to amend his complaint [D.E. 4]. The court warned Karim that if he did not file an amended complaint which complied with Rule 8(a) and the order by November 22, 2010, the court would dismiss the action without prejudice. Id. at 2. Karim did not respond to the court's order, and on January 12, 2011, the court dismissed the action without prejudice [D.E. 5]. On August 8, 2011, Karim filed a motion for reconsideration [D.E. 7], and a new civil action, Karim v. Cabarrus Cnty. Sheriff's Dep't, et al., No. 5:11-CT-3145-F (E.D.N.C.).

Federal Rule of Civil Procedure 60(b)[1] authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . .

---

[1] Federal Rule of Civil Procedure 59(e) also permits a court to alter or amend a judgment, but the motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Karim filed his motion approximately seven months after the entry of judgment, and thus he may not proceed under Rule 59(e). See Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010).

newly discovered evidence . . . [; or] fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. See Robinson, 599 F.3d at 412 n.12; Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If these threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

Karim seeks reconsideration because "at the time of the order to amend his complaint in November 2010, [he] was in the process of moving. Once the move was made, the letter finally appeared well after the November 22, 2010 date." Mot. Reconsider 2. Karim's conclusory excuse is insufficient to explain the lengthy delay in attempting to comply with the court's order. Moreover, on December 1, 2011, the court dismissed Karim's re-filed complaint as frivolous. Karim, No. 5:11-CT-3145-F, [D.E. 4] (E.D.N.C. Dec. 1, 2011) (unpublished). Karim has therefore failed to establish a meritorious claim or defense. Accordingly, Karim fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Karim's motion for reconsideration [D.E. 7].

SO ORDERED. This 25 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge